**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HENRY PEISCH** | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | :     Civil Action No. 18-11596 (ES) (CLW)<br>: |
| **PAMELA OCHS, f/k/a PEISCH, n/k/a MACEK; et al.,** | :     MEMORANDUM OPINION<br>:<br>:<br>: |
| Defendants. | :<br>: |

**SALAS, DISTRICT JUDGE**

Before the Court are (i) *pro se* Plaintiff Henry Peisch's application for temporary and preliminary restraints against Defendants Pamela Macek, the County of Bergen, the Bergen County Jail, Michael Saudino, Bergen County Probation, Stephanie Krieger, Mark T. Janeczko, Darren T. Dibiasi, Terry Paul Bottinelli, Bonnie J. Mizdol, Peter J. Melchionne, John Does 1-10, and ABC Corp 1-10 (D.E. No. 6 ("Application")); and (ii) the question whether this Court possesses jurisdiction over the family-law matters forming the core of Plaintiff's application for restraints (*see* D.E. No. 8).

The Court has considered the parties' submissions and decides these matters without oral argument under Federal Rule of Civil Procedure 78(b). For the following reasons, the Court DENIES Plaintiff's application for temporary and preliminary restraints, and PARTIALLY DISMISSES Plaintiff's complaint for lack of subject-matter jurisdiction.

**I.      Background**

Plaintiff filed a complaint on July 16, 2018, alleging that Defendants, among other things, repeatedly imposed "the summary suspension of [his] parental rights in violation of his constitutional rights and 42 U.S.C. § 1983. (D.E. No. 1 ("Complaint") ¶ 34).[1]

On July 30, 2018, Plaintiff filed an application for temporary and preliminary restraints against Defendants, seeking an order (i) preliminarily enjoining "[D]efendants . . . from disrupting, altering, or otherwise interfering with [P]laintiff's constitutionally protected parenting time with his minor son, B.P."; (ii) temporarily restraining "[D]efendants from any and all actions that interfere with [P]laintiff's parenting time"; and (iii) advising "that the Court . . . take judicial notice of the representations of Linda Gottlieb . . . of the abuse and irreparable harm caused by [D]efendants to Plaintiff's son, B.P. and their Constitutional right to parenting time and a parent-child relationship." (D.E. No. 6 ("Application") at 55-56).[2]

In the Application, Plaintiff states that he did not appear at a December 13, 2017 child-support enforcement hearing. (*Id.* at 19). Consequently, Defendant Terry Paul Bottinelli, Judge for the Superior Court of New Jersey, entered an order (the "December 13, 2017 order") that "PARENTING TIME IS HEREBY TEMPORARILY SUSPENDED UNTIL THIS MATTER IS ADDRESSED IN COURT." (*Id.* at 19 & Ex. B). Plaintiff asserts that a March 23, 2018 hearing addressed this parenting-time suspension. (*Id.* at 20). Plaintiff also asserts that at another hearing on June 13, 2018, "Judge Bottinelli said that a consent order to resume parenting time would make an emergent motion unnecessary." (*Id.*). Plaintiff contends that "ALL matters required to be addressed for the restoration of the TEMPORARILY suspended parenting time

---

[1]    Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is in the original document.

[2]    Application page numbers reference E.C.F.-generated page numbers.

have been addressed in court," but that he nevertheless "ha[s] not been permitted to see [his] son B.P. since December 2017." (*Id.* at 19-20). Plaintiff argues "that a resumption of parenting time should be automatic now that all matters from the temporary suspension have been addressed several times in court" and asks this Court to "ORDER AN IMMEDIATE RESUMPTION OF REGULAR PARENTING TIME." (*Id.* at 18 & 20).

The Court *sua sponte* ordered subject-matter jurisdictional briefing on the family-law matters forming the basis of Plaintiff's Application. (D.E. No. 8).

**II.     Legal Standard**

"Federal courts are courts of limited jurisdiction . . . possess[ing] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 551 U.S. 375, 377 (1994). Federal "courts have an independent obligation to satisfy themselves of [subject-matter] jurisdiction if it is in doubt" and may raise the issue *sua sponte*. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003)); *see also United States v. Kalb*, 891 F.3d 455, 459 (3d Cir. 2018) ("[C]ourts are obligated to raise jurisdictional issues *sua sponte* if not raised by the parties."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). And "[a]lthough courts hold pleadings drafted by *pro se* litigants to less stringent standards than those drafted by lawyers, *pro se* litigants still bear the burden of showing that the case is properly before the court at all stages of the litigation." *Ingris v. Borough of Caldwell*, No. 14-6388, 2015 WL 758680, at *2 (D.N.J. Feb. 23, 2015).

"[F]ederal district courts lack [subject-matter] jurisdiction over suits that are essentially appeals from state-court judgments. . . ." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). In other words, a federal court cannot hear "cases

brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This principle is known as the *Rooker-Feldman* doctrine.

For the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral*, 615 F.3d at 166.

### III. Discussion

Defendants contend that the *Rooker-Feldman* doctrine precludes Plaintiff's claims to obtain parental time. (D.E. No. 9-1 at 9-11; D.E. No. 11 at 4-5; D.E. No. 12 at 5-7). Plaintiff appears to argue: because "parenting rights are Constitutionally protected" and the "Supreme Court has taken up cases involving parental rights, which include parenting time," the Court necessarily possesses federal-question subject-matter jurisdiction. (*See* D.E. 14 at 2-7).[3]

The Court finds that Plaintiff's parental-rights claims fall squarely within the *Rooker-Feldman* doctrine. Plaintiff "lost in state court" when his admitted failure to appear at the December 13, 2017 enforcement hearing resulted in a state-court order temporarily suspending his parenting time. (*See* Application at 19 & Ex. B); *Great W. Mining & Mineral*, 615 F.3d at 166. Although Plaintiff asserts that Defendants caused his parental rights injuries, Defendants' actions that interfered with Plaintiff's contact with his children were "produced by [the] state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *See Great W.*

---

[3]   D.E. 14 page numbers reference E.C.F.-generated page numbers.

*Mining & Mineral*, 615 F.3d at 167.  Indeed, Plaintiff appears to complain only of injuries occurring after and resulting from the December 13, 2017 order or subsequent, related state-court orders.  (*See* Application at 19 ("I have not been permitted to see our son B.P. since December, 2017."); *id.* at 20 ("A motion hearing took place on March 23, 2018 where the temporary suspension from the December 13, 201[7] order was addressed in court. . . . [O]n June 13, 2018, Judge Bottinelli said that a consent order to resume parenting time would make an emergent motion unnecessary.")); *Great W. Mining & Mineral*, 615 F.3d at 167 ("A useful guidepost [on the second element] is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been caused by those proceedings.").

Regarding the third element, the December 13, 2017 order was rendered, and alleged hearings related to that order occurred before Plaintiff filed this federal suit.  (*See* Application at 19-20; Complaint).  And concerning the final element, Plaintiff directly invites this Court to review and reject the December 13, 2017 order and subsequent, related state-court orders.  (*See* Application at 18 ("I . . . submit this certification in support of my Motion to: **(1)** ORDER AN IMMEDIATE RESUMPTION OF REGULAR PARENTING TIME."); *id.* at 20 ("It is respectfully submitted that a resumption of parenting time should be automatic now that all matters from the temporary suspension have been addressed several times in court.")).  The *Rooker-Feldman* doctrine bars this Court from hearing the Application's subject matter.[4]

---

[4]   Third Circuit rulings in similar cases support this Court's holding.  *See, e.g.*, *McKnight v. Baker*, 244 Fed. App'x 442, 444-45 (3d Cir. 2007) (affirming district court's application of the *Rooker-Feldman* doctrine to father's 42 U.S.C. § 1983 claims where "the crux of his complaint [was] that [defendants] conspired to . . . suspend his visitation rights"); *White v. Supreme Court of N.J.*, 319 Fed. App'x 171, 173 (3d Cir. 2009) (affirming district court's dismissal of plaintiff's child-custody case under the *Rooker-Feldman* doctrine for lack of jurisdiction to the extent she sought review of the state supreme court's decision).

Because this Court lacks subject-matter jurisdiction over Plaintiff's parental-rights claims, those claims must be dismissed and Plaintiff's Application denied. The Court does not address Defendants' other arguments regarding the Application, which are moot. To the extent that the pending motion to dismiss (D.E. No. 9) targets Plaintiff's other claims, the Court will address the motion in normal course.

**IV.    Conclusion**

For the foregoing reasons, the Court DENIES Plaintiff's application for temporary and preliminary restraints, and DISMISSES *with prejudice* Plaintiff's parental-rights claims for lack of subject-matter jurisdiction.

An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**